| | | |
|---|---|---|
| AOC-E-105  Sum Code: CI<br>Rev. 9-14<br><br>Commonwealth of Kentucky<br>Court of Justice    Courts.ky.gov<br><br>CR 4.02; Cr Official Form 1 | <br><br>**CIVIL SUMMONS** | Case #: **15-CI-00598**<br>Court:   **CIRCUIT**<br>County: **WHITLEY**<br>          **(Williamsburg)** |

*Plantiff,* HUDSON, DANNY   VS. CREDENCE RESOURCE MANAGEMENT, LLC, *Defendant*

TO:   **CORPORATION SERVICE COMPANY**
      **421 WEST MAIN STREET**
      **FRANKFORT, KY 40601**

The Commonwealth of Kentucky to Defendant:
**CREDENCE RESOURCE MANAGEMENT, LLC**

You are hereby notified that a **legal action has been filed against you** in this Court demanding relief as shown on the document delivered to you with this Summons. **Unless a written defense is made by you or by an attorney on your behalf within twenty (20) days** following the day this paper is delivered to you, judgment by default may be taken against you for the relief demanded in the attached complaint.

The name(s) and address(es) of the party or parties demanding relief against you or his/her (their) attorney(s) are shown on the document delivered to you with this Summons.

/s/ Gary W. Barton, Whitley Circuit Clerk
Date: **10/30/2015**

Presiding Judge: HON. DAN BALLOU (634292)

## Proof of Service

This Summons was:

☐ Served by delivering a true copy and the Complaint (or other initiating document)

   To: _____

☐ Not Served because: _____

Date: _____, 20____

_____
Served By

_____
Title

Summons ID: @00000051205
CIRCUIT: 15-CI-00598 Certified Mail
HUDSON, DANNY  VS. CREDENCE RESOURCE MANAGEMENT, LLC

   Page 1 of 1     

CI : 000001 of 000001

Filed          15-CI-00598    10/30/2015            Gary W. Barton, Whitley Circuit Clerk

COMMONWEALTH OF KENTUCKY
34TH JUDICIAL CIRCUIT
WHITLEY CIRCUIT COURT
CASE NO. 15-CI-598
Div 1

*Electronically filed*

Danny Hudson                                                                    Plaintiff

v.

Credence Resource Management, LLC                                               Defendant

**SERVE**:
Corporation Service Company
421 West Main Street
Frankfort, KY 40601

---

## COMPLAINT

---

The Plaintiff, Danny Hudson, for his Complaint against Defendant, Credence Resource Management, LLC, states as follows:

### PREAMBLE

This is an action for actual and statutory damages brought by Plaintiff against the Defendant for violation of Chapter 41, the Consumer Credit Protection Credit Act, of Title 15 (Commerce and Trade) of the United States Code, specifically, 15 U.S.C. § 1692 *et seq.*, (known as the "Fair Debt Collection Practices Act," hereafter the "*FDCPA*"), which prohibits debt collectors from engaging in abusive, deceptive and unfair practices in the collection of consumer debt and in connection therewith.

Presiding Judge: HON. DAN BALLOU (634292)

COM : 000001 of 000008

## JURISDICTION AND VENUE

1. Danny Hudson a resident of Whitley County, Kentucky.

2. Plaintiff is a "*consumer*" as that term is defined in the FDCPA with respect to the matters referred to herein.

3. Credence Resource Management, LLC is a Nevada limited liability company with offices at 6045 Atlantic Boulevard, Suite 210, Norcross, GA 30071.

4. At all pertinent times herein, in this judicial district, Defendant regularly used the mails to collect consumer debts owed or asserted to be owed or due another, and/or otherwise engaged in a business the primary purpose of which was the collection of consumer debt owed or due or asserted to be owed or due another.

5. Defendant is a "*debt collector*" as said term is defined in the FDCPA and with respect to the matters cited herein.

6. This Court has jurisdiction pursuant to Ky. Const. § 112(5) and KRS 23A.010(1).

7. Venue is proper in this Court because the Defendant transacts business in this county, Plaintiff is a resident of this county, and the conduct complained of occurred here.

8. Plaintiff seeks damages in excess of the minimum damages available in this Court.

## FACTS

9. Or about Sunday, August 26, 2015, at 5:38 p.m., Defendant, through its representative "Mr. Wood," contacted Plaintiff via telephone and demanded immediate payment on an AT&T account of $78.92 (hereafter, the "*debt*"). Per an agreement between AT&T and Plaintiff, the debt was not yet due to a forbearance agreement between AT&T and Plaintiff. Plaintiff advised Mr. Wood of this fact during this and subsequent phone calls. During

2

the phone call, Mr. Wood raised his voice to Plaintiff, demanded that the payment was due immediately, and advised that the call was being recorded. Plaintiff advised that he could not pay the debt immediately but that he could pay in installments over time, which is what he had agreed to with AT&T. This phone call was the initial communication from Defendant regarding the debt.

10. On August 28, 2015 at 1:26 p.m. and again at 4:28 p.m., Defendant caused Plaintiff's telephone to ring and engaged Plaintiff in harassing and abusive conversation.

11. On August 29, 2015, Defendant caused Plaintiff's telephone to ring and engaged Plaintiff in harassing and abusive conversation.

12. On September 1, 2015, Defendant sent Plaintiff a letter wherein Defendant sought to collect the debt. That day, Defendant's representative, "Tom Taylor" contacted Plaintiff by telephone and demanded immediate payment.

13. Thereafter, Defendant caused Plaintiff's telephone to ring on September 2 at 1:16 p.m. and 5:31 p.m., and on September 3, 2015 at 1:09 p.m., 2:23 p.m., and 5:12 p.m., and engaged Plaintiff in harassing and abusive conversation.

14. Within five (5) days after the initial communication, the August 26, 2015 phone call, Defendant did not send Plaintiff a written notice that included: (a) the amount of the debt; (b) the name of the creditor to whom the debt is owed; (c) a statement that unless the Plaintiff, within thirty days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the Defendant; (d) a statement that if the Plaintiff notifies the Defendant in writing within the thirty-day period that the debt, or any portion thereof, is disputed, the Defendant will obtain verification of the debt or a copy of a judgment

3

Presiding Judge: HON. DAN BALLOU (634292)
COM : 000003 of 000008

against the Plaintiff and a copy of such verification or judgment will be mailed to the Plaintiff by the Defendant; and (e) a statement that, upon the Plaintiff's written request within the thirty-day period, Defendant will provide the consumer with the name and address of the original creditor, if different from the current creditor.

15. As a result of the Defendant's conduct, as herein alleged, Plaintiff has been damaged, entitling him to pursue a private cause of action against Defendant for actual and statutory damages, plus attorney's fees and costs.

## COUNT I
## VIOLATION OF THE FDCPA

16. Defendant engaged in conduct the natural consequence of which was to harass, oppress, or abuse Plaintiff in connection with the collection of the debt. To wit, Defendant caused Plaintiff's telephone to ring repeatedly or continuously with intent to annoy, abuse, or harass the Plaintiff.

17. Defendant's representations to Plaintiff were materially false, deceptive, and/or misleading, in violation of 15 U.S.C. § 1692e. To wit, Defendant represented that the debt was immediately due and owing, which was untrue.

18. Defendant used unfair or unconscionable means to collect or attempt to collect the subject debt, by, *inter alia*, seeking to collect amounts that were not authorized by agreement or permitted by law, as the debt was not yet due or owing. 15 U.S.C. § 1692f(1).

19. Within five (5) days after its initial communication in connection with the collection of the debt, Defendant failed to send the Plaintiff a written notice of debt that included the information required by 15 U.S.C. § 1692g(a).

4

Presiding Judge: HON. DAN BALLOU (634292)

COM : 000004 of 000008

20. Defendant's unlawful actions as described above and as set forth above caused Plaintiff to sustain actual damages, in the form of mental and emotional distress, pain and suffering, inconvenience, turmoil, disgrace, embarrassment, anxiety, humiliation, physical and mental upset, stress, embarrassment, loss of commercial viability, loss of credit opportunities, invasion of privacy, pecuniary loss, and damage to credit rating, credit score, reputation, and perceived credit worthiness.

21. With respect to the additional damages that may be awarded pursuant to 15 U.S.C. § 1692k(a)(2)(A), Defendant's noncompliance with the FDCPA is intentional, frequent, widespread and affects a large number of persons perhaps numbering into the thousands, including but not limited to Plaintiff.

22. Defendant's conduct as herein alleged entitles Plaintiff to relief against the Defendant in the form of an award of actual damages, statutory damages, plus attorney's fees and costs.

## COUNT II
## INTENTIONAL OR NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS

23. Defendant's conduct as herein alleged was intentional, reckless, or negligent.

24. Defendant's conduct was so outrageous and intolerable so as to offend generally accepted standards of morality and decency.

25. Defendant's conduct as herein alleged was a cause of Plaintiff's emotional distress.

26. Plaintiff's emotional distress was severe.

5

Presiding Judge: HON. DAN BALLOU (634292)

COM : 000005 of 000008

27. At law, Plaintiff is entitled to an award of compensatory damages against the Defendant.

28. Pursuant to KRS 411.184(2), Plaintiff is entitled to an award of punitive damages against the Defendant.

## COUNT III
## VIOLATION OF KRS 367.170

29. Defendant violated the provisions of Kentucky's Consumer Protection Act by its use of unfair, false, misleading and/or deceptive acts or practices in the conduct of its trade or commerce.

30. As herein alleged, Defendant acted toward Plaintiff with oppression, fraud, and/or malice, warranting the imposition of punitive damages against the Defendant.

31. Pursuant to KRS 367.220, Plaintiff is entitled to an award of actual damages against Defendant, plus attorney's fees and costs.

32. Pursuant to KRS 411.184(2), Plaintiff is entitled to an award of punitive damages against the Defendant.

## COUNT IV
## INVASION OF PRIVACY

33. Between August 26, 2015 through September 3, 2015, Defendant unreasonably intruded upon the privacy and seclusion of Plaintiff by, *inter alia*, making frequent calls to Plaintiff's home and engaging Plaintiff in harassing and abusive conversation.

34. As a result of said intrusion, Plaintiff was damaged.

35. At law, Plaintiff is entitled to an award of compensatory damages against the Defendant.

6

Presiding Judge: HON. DAN BALLOU (634292)
COM : 000006 of 000008

36. Pursuant to KRS 411.184(2), Plaintiff is entitled to an award of punitive damages against the Defendant.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, Danny Hudson, by counsel, demands relief against the Defendant, Credence Resource Management, LLC, as follows:

A. Entry of a Judgment against Defendant to compensate Plaintiff for his actual damages sustained as set forth in above Counts.

B. Entry of a Judgment under the about Counts for any and all maximum statutory damages provided under applicable federal or state statute.

C. Entry of a Judgment against Defendant for punitive damages on the above Counts wherein an award of such damages is proper and appropriate.

D. Interest on all of the aforementioned amounts at the maximum rate and for the maximum duration allowed by applicable law.

E. Entry of an order temporarily and permanently enjoining Defendant from future, similar violations of the FDCPA and directing it to discharge, quit, satisfy and/or pay the subject debt and cause any adverse credit information referencing the debt to be deleted and removed from any consumer report concerning Plaintiff.

F. An award of attorneys' fees and costs herein incurred.

G. Any and all other relief to which he may be entitled, including the right to amend this Complaint to add additional claims or additional parties after conducting appropriate discovery.

7

Respectfully submitted,

*/s/ Zachary L. Taylor*
ZACHARY L. TAYLOR
9900 Corporate Campus Drive
Suite 3000
Louisville, Kentucky 40223
Phone | Fax: (502) 822-2500
ztaylor@taylorlawcenter.com

*Counsel for Danny Hudson*

8

Presiding Judge: HON. DAN BALLOU (634292)

COM : 000008 of 000008




U.S. POSTAGE » PITNEY BOWES

$ 006.95५

ZIP 40769
02 1W
0001375867 OCT. 30. 2015.

CERTIFIED MAIL

7015 1520 0003 0892 0786

CIRCUIT COURT CLERK GARY V.
WHITLEY CIRCUIT & DISTRICT
WHITLEY COUNTY JUDICIAL CE
100 MAIN STREET, P.O. BOX 3
WILLIAMSBURG, KENTUCKY 40

CI 15-CI-00598
634292

CORPORATION SERVICE COMPANY
421 WEST MAIN STREET
FRANKFORT KY 40601



COMMONWEALTH OF KENTUCKY
WHITLEY CIRCUIT COURT
DIVISION I
CIVIL ACTION NO. 15-CI-598

DANNY HUDSON                                                                                    PLAINTIFF

v.

CREDENCE RESOURCE MANAGEMENT, INC.                                     DEFENDANT

### AGREED ORDER

\*\*\*\*   \*\*\*\*   \*\*\*\*

Plaintiff, Danny Hudson, and Defendant, Credence Resource Management, Inc., being in agreement, and the Court being sufficiently advised, IT IS HEREBY ORDERED that Defendant shall have until and including December 7, 2015, in which to answer or otherwise respond to the complaint in the above-styled matter.

So **ORDERED** this the 2 day of Dec 2015.

_____
JUDGE, WHITLEY CIRCUIT COURT

HAVE SEEN AND AGREED TO:

_____
Shea W. Conley
Lauren D. Lunsford
Counsel for Defendant

_____
Zachary L. Taylor        w/permission
Counsel for Plaintiff

1

## CLERK'S CERTIFICATE OF SERVICE

I hereby certify that a true and accurate copy of the foregoing was served by mailing same, postage prepaid, on this the ___ day of December ___, 2015 to the following:

Hon. Zachary L. Taylor
9900 Corporate Campus Drive
Suite 3000
Louisville, Kentucky 40223
*Counsel for Plaintiff, Danny Hudson*

Shea W. Conley
Lauren D. Lunsford
Reminger Co., LPA
333 West Vine Street, Suite 1670
Lexington, Kentucky 40507
*Counsel for Defendant, Credence Resource Management, Inc.*

_[signature]_ 12/02/15
WHITLEY CIRCUIT CLERK